THE STATE OF MISSOURI, Respondent, *v.* THOMAS SHANNON, Appellant.

*Evidence—Admissions.*—The admissions of the defendant, voluntarily made, are competent evidence against him for some purpose, although not directly relative to the crime charged.

State v. Shannon.

*Appeal from St. Louis Criminal Court.*

*Voullaire,* for respondent.

*Shreve* and *Sanders,* for appellant.

BAY, Judge, delivered the opinion of the court.

The only question presented by the record in this case relates to the refusal of the court to exclude from the consideration of the jury that portion of the testimony of John Eagan in which he states that after the arrest of the defendant, he (defendant) gave him a pair of outsiders. The fact that the defendant, at the time of his arrest, had in his possession an instrument commonly used by burglars was certainly irrelevant; but the record shows that when the prisoner handed the witness the outsiders he requested witness not to bring them against him, stating that if he did it would go hard with him. This admission, voluntarily made by the prisoner, was, for some purposes, competent evidence against him, and the court could not have excluded the evidence relating to the outsiders without leaving such admission wholly unintelligible. But, admitting that the evidence was inadmissible for any purpose, we see no fact or circumstance in the case which would warrant the conclusion that it materially prejudiced the prisoner. The only witness on the part of the State who testified to any material fact was Reed, the party alleged to have been robbed. If the jury credited his testimony, as they undoubtedly did, they could not have done otherwise than render a verdict of guilty. If they discredited him, then there was no evidence in the case upon which to predicate such a verdict, and we will not presume that any jury would find a man guilty of highway robbery upon the sole fact that a burglarious instrument was found in his possession. In the case of The State v. Houser, 28 Mo. 233, which was an indictment for homicide, the State was permitted to prove that the prisoner, while passing from the jail on a former trial, was found in possession of a slung-shot, and a majority of this court held that it was competent evidence.

Judge Scott, however, thought differently, but concurred in refusing to stay execution, upon the ground that he was unable to say that, under all the circumstances, the prisoner was prejudiced by the admission of the evidence.

The tendency of such evidence is, no doubt, to prejudice the minds of the jury, and if there were any facts or circumstances in this case which rendered the evidence of Reed improbable, and which would have justified the jury in disregarding it, then it is readily perceived how the evidence respecting the outsiders might have influenced the deliberations of the jury; but we see no such fact or circumstance in the case, and therefore cannot say that the prisoner was prejudiced by the admission of the evidence.

With the concurrence of the other judges, the judgment of the Criminal Court is affirmed.